# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHARON G. LEGG,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0634** (BOR Appeal No. 2049012)
              (Claim No. 2009086434)

**GREENBRIER COUNTY SCHOOLS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sharon G. Legg, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Greenbrier County Schools, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 28, 2014, in which the Board affirmed a November 26, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 31, 2012, decision to grant a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Legg, a bus driver for Greenbrier County Schools, was driving her bus route on March 20, 2009, when a student kicked her in the side of the face. On April 2, 2009, Ms. Legg filled out her report of injury, and the claims administrator held her claim compensable for a sprain of the neck on April 30, 2009.

On July 19, 2012, Ms. Legg reported to Bruce Guberman, M.D., for an independent medical evaluation. At the time of examination, Ms. Legg complained of almost constant neck

pain radiating into her right upper extremity. Ms. Legg reported that she did not miss any work as a result of her compensable injury and still worked on a full-time basis as a bus driver. Dr. Guberman conducted a range of motion study of Ms. Legg's cervical spine but found that the testing was invalid due to pain and sub-maximal effort. Dr. Guberman also examined Ms. Legg's right shoulder, elbow, wrist and hand. He saw no evidence of muscle weakness. He diagnosed Ms. Legg as suffering from acute and chronic cervical spine strain. Dr. Guberman placed Ms. Legg in Cervical Category II-B of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), which yielded 4% whole person impairment. Dr. Guberman placed Ms. Legg into Cervical Category I of West Virginia Code of State Rules § 85-20-E (2006). He commented that Ms. Legg was placed into that category because her range of motion testing was invalid, no spasm was noted, and her history was inconsistent with radicular symptoms. As a result, he recommended a 0% whole-person impairment rating for her. Based upon the report of Dr. Guberman, the claims administrator granted a 0% permanent partial disability award on July 31, 2012. Ms. Legg protested.

Ms. Legg also had an independent medical evaluation by D. H. Fleschner, D.C.C.R.P. Dr. Fleschner placed Ms. Legg into Categories II C and F of Table 75 of the American Medical Association's *Guides*. Dr. Fleschner commented that Ms. Legg is qualified for both placement in C and F, because she had an established cervical injury with pain rigidity associated with moderate to severe degenerative changes and a herniated disk thus yielding 7% impairment. He then took the 7% for range of motion deficits and combined it with the Table 75 impairment to yield 14% total whole person impairment. Dr. Fleschner then adjusted Ms. Legg's impairment downward to 8% to fit within Category II of West Virginia Code of State Rules § 85-20-E.

Greenbrier County Schools introduced records from September 2, 2002, through January 7, 2008, that show Kendall Wilson, D.O., treated Ms. Legg for problems related to her neck, shoulder, and back.

On August 27, 2013, Ms. Legg reported to Bill Hennessey, M.D., for an independent medical evaluation. Ms. Legg complained of bilateral neck pain. Dr. Hennessy performed a physical examination, commenting that Ms. Legg had full range of motion of her cervical spine in all directions. He further commented that she exhibited normal and symmetric muscle tone and bulk in her posterior cervical paraspinal musculature. Dr. Hennessey placed Ms. Legg into Category II-A of Table 75 of the American Medical Association's *Guides*, for 0% impairment. He also noted that there was no impairment for range of motion deficits. He then placed Ms. Legg into Cervical Category I of West Virginia Code of State Rules § 85-20-E, which equated to 0% whole person impairment.

The Office of Judges determined that Ms. Legg was not entitled to any more than a 0% permanent partial disability award. The Office of Judges noted that Ms. Legg had a long-standing history of neck problems and degenerative changes of the cervical spine not related to the compensable injury. The Office of Judges also noted that Ms. Legg had a lapse in treatment in this claim of at least two years, which according to the Office of Judges suggested that her injury on March 20, 2009, was not particularly severe. The Office of Judges noted that its findings were further supported by the fact that she missed no work as a result of her

compensable injury. Accordingly, the Office of Judges determined that the evidence of record supported Dr. Guberman's and Dr. Hennessey's opinions as opposed to Dr. Fleschner's opinion. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the Office of Judges and Board of Review. Dr. Fleschner found 8% whole person impairment, but he was the only physician to find any impairment. Ms. Legg has had previous back injuries as indicated by her chiropractic records that span from 2002 until 2008, which was prior to the compensable injury in this claim. Ms. Legg also did not miss any work and had a long delay in her treatment, which would suggest that her injury on March 20, 2009, was not particularly severe. As a result, it is more likely than not that the reports of Dr. Guberman and Dr. Hennessey are more accurate and reliable in comparison to Dr. Fleschner's report.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II